UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:16-cr-00039-RLY-CMM-13 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| SANDY STONE | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:16-cr-00039-RLY-CMM |
| SANDY STONE, | ) ) | -13 |
| Defendant. | ) ) | |

**ORDER**

Defendant Sandy Stone moves for compassionate release under § 603 of the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A), and for the appointment of counsel. *Id.* at 7. For the reasons explained below, his motions are **DENIED**.

**I.     Background**

In November 2018, Mr. Stone pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dkt. 502 at 1. Between 2015 and 2016, Mr. Stone was a mid-level distributor in a large-scale methamphetamine conspiracy operating in the Evansville, Indiana area. Dkt. 498 at 4. The conspiracy distributed at least 4.5 kilograms of methamphetamine during that time. *Id.* at 5.

Mr. Stone faced a guidelines range of 235 to 293 months of imprisonment. *Id.* at 15. The Court sentenced him to 188 months of imprisonment followed by five years of supervised release. Dkt. 502 at 2–3. The Bureau of Prisons ("BOP") lists Mr. Stone's anticipated release date (with good-conduct time included) as September 11, 2029. https://www.bop.gov/inmateloc/ (last visited February 8, 2024).

2

Mr. Stone filed his first motion for compassionate release in May 2020, dkt. 593, which the Court denied without prejudice, dkt. 611. Thereafter he filed the instant motion *pro se*. The Court finds it can resolve the motions without a response from the United States.

## II.     Discussion

### A.     Motion for Appointment of Counsel

Mr. Stone filed his motion for compassionate release using a *pro se* prisoner form. On page 6 of that form is a section asking the *pro se* prisoner whether he wishes for the appointment of counsel. Dkt. 685 at 6. Mr. Stone checked the box "yes." Mr. Stone is not entitled to the appointment of a federal public defender in this matter. *See United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021) (holding the 2018 First Step Act does not supply a statutory entitlement to counsel); *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013) (noting prisoners seeking lower sentences under § 3582(c) "do not receive counsel at public expense.").

The Court also finds that Mr. Stone is not entitled to the appointment of pro bono counsel. When addressing a request for pro bono counsel, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (cleaned up). The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Id.*; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Stone has not stated whether he has made an attempt to obtain counsel. Accordingly, the Court finds that he

has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. His request for assistance with recruiting counsel must therefore be DENIED.

### B. Motion for Compassionate Release

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a district court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). "The movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). A district court has discretion to determine what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020).

Mr. Stone seeks a sentence reduction of time served. He states that his daughters are single mothers who are struggling to adequately care for their children and are in jeopardy of losing their shared home. *Id.* He would therefore like to return home to provide financial support and to assist with the care of his grandchildren.

As relevant here, under section 1B1(b)(3) of the recently amended guidelines extraordinary and compelling reasons for release exist under the following two circumstances:

> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition. * * *

>   (D) The defendant establishes that circumstances similar to those listed in paragraph[] (3)(A) . . . exist involving any other immediate family member . . . when the defendant would be the only available caregiver for them. For purposes of this provision, 'immediate family member' refers to . . . a grandchild[.]

U.S.S.G. § 1B1.13(b)(3)(A), (D).

Mr. Stone's circumstances do not fall within those statutory parameters. His children are not minors, and he has provided no evidence that they have a mental or physical condition that prevents them from engaging in self-care. In addition, Mr. Stone does not claim that the caregivers for his grandchildren have died or are incapacitated, nor does he suggest he is the only caregiver available for the children. Many inmates have children or grandchildren for whom they would wish to provide care and support. Such a desire is common, not extraordinary. Accordingly, the Court finds that Mr. Stone has failed to meet his burden to establish that care for his children and grandchildren is an extraordinary and compelling reason to grant relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor.

Even if the Court were to find that Mr. Stone had established an extraordinary and compelling reason, the Court would nevertheless find that Mr. Stone is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[1] Although Mr. Stone has completed numerous education courses, has had no disciplinary

---

[1] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

infractions, and has maintained employment while incarcerated *see* Dkt. 685-1 at 13, 15, Mr. Stone committed a serious crime and has an extensive criminal history, which consists of 10 prior felony convictions including burglary, dealing in methamphetamine, and possession of cocaine. Dkt. 498 at 6–11. Further, Mr. Stone is not scheduled to be released from prison until September 2029; thus, releasing him now would constitute a substantial reduction in his sentence.

In light of these considerations, the Court finds that releasing Mr. Stone early would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as [defendant's] is enough; more would be otiose.").

### III. Conclusion

For the reasons stated above, Mr. Stone's motion for compassionate release and for the appointment of counsel, dkt. [685], is **DENIED**.

**IT IS SO ORDERED.**

Date: 3/06/2024

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Sandy Stone
Register Number: 15758-028
USP Marion
U.S. Penitentiary
P.O. Box 1000
Marion, IL 62959